# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| JOHN DOES 1, 2, 4, 5, 6 & 8; MICHAEL ROBINSON; and MAURICE COLLINS | PLAINTIFFS |
| v.  No. 3:23-cv-230-DPM | |
| EMMETT A. PRESLEY, *et al.* | DEFENDANTS |
| JOHN DOES 9–12 & 14–16; and NATHAN HARMON | PLAINTIFFS |
| v.  No. 3:24-cv-3-DPM | |
| EMMETT A. PRESLEY, *et al.* | DEFENDANTS |
| JOHN DOES 19–30 | PLAINTIFFS |
| v.  No. 3:24-cv-12-DPM | |
| EMMETT A. PRESLEY, *et al.* | DEFENDANTS |
| JOHN DOES 101–107; and JANE DOES 101–107 | PLAINTIFFS |
| v.  No. 3:24-cv-14-DPM | |
| EMMETT A. PRESLEY, *et al.* | DEFENDANTS |
| JOHN DOES 108–113; JANE DOE 109; and JAMI WELLS | PLAINTIFFS |
| v.  No. 3:24-cv-13-DPM | |
| EMMETT A. PRESLEY, *et al.* | DEFENDANTS |

## ORDER

The plaintiffs moved to nonsuit their federal claims at the 14 August 2024 hearing. The defendants objected, arguing prejudice. The Court raised jurisdictional concerns. The parties have now briefed the oral motion, the related jurisdictional issues, and some proposed amendments to the complaint. *Doc. 94.* The briefs are helpful and appreciated. The Court also needs to address plaintiffs' motion to take some depositions now to preserve testimony.

*

The plaintiffs' oral motion to voluntarily dismiss their federal claims is granted. Fed. R. Civ. P. 41(a)(2). The Court sees no improper purpose on their part. Tipping their hats to the Rule 12(b) motions, the plaintiffs candidly acknowledge the cracks in their federal claims. *Doc. 100 at 2-3.* As they put it, the defendants have essentially "accomplished their goal"—dismissal of the federal claims. *Doc. 108 at 5.* The plaintiffs seek to nonsuit these claims to focus the issues, not to shop forums. That's reasonable. And it will save time, money, and judicial resources. Apart from the narrow limitations issues, this case hasn't moved beyond the pleading stage. Voluntary dismissal will not prejudice the defendants. *Blaes v. Johnson & Johnson*, 858 F.3d 508, 513 (8th Cir. 2017).

\*

The lack of federal claims, though, creates the jurisdictional questions that the Court raised at the hearing. This consolidated action has five member cases; each one maintains its separate identity. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The first two[*] cases invoked the Court's diversity jurisdiction. 28 U.S.C. § 1332(a). The other three[**] invoked the Court's federal question jurisdiction. 28 U.S.C. § 1331. The parties agree that dismissal of the federal claims has no effect on the diversity cases. The question is whether the Court should retain supplemental jurisdiction over the three non-diverse cases now that no federal claims remain. 28 U.S.C. § 1367(c).

Usually, the answer would be no. *Zubrod v. Hoch*, 907 F.3d 568, 580 (8th Cir. 2018). But this lawsuit presents unusual circumstances. The Court must decide the same state-law questions in the two diversity cases either way. Those issues are fully briefed; the parties are now done with targeted discovery; and the Court anticipates a merits ruling soon. *Marshall v. Green Giant Co.*, 942 F.2d 539, 549-50 (8th Cir. 1991). Keeping all these claims together for pretrial purposes makes good sense. The Court will exercise supplemental jurisdiction. *Hunter v. Page County*, 102 F.4th 853, 872 (8th Cir. 2024).

---

[*] No. 3:23-cv-230-DPM & No. 3:24-cv-3-DPM.

[**] No. 3:24-cv-12-DPM, No. 3:24-cv-13-DPM, & No. 3:24-cv-14-DPM.

\*

That leaves the proposed amendments to the consolidated complaint. The plaintiffs wish to drop their federal claims, plus plead facts showing that some of their state-law claims are timely under Arkansas's delayed discovery statute, ARK. CODE ANN. § 16-56-130. That motion is denied without prejudice.

First, the plaintiffs have already nonsuited their federal claims. Incorporating those changes into the current complaint would, paradoxically, deprive this Court of supplemental jurisdiction over the three non-diverse member cases. *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 924 (8th Cir. 2023), *cert. granted*, 144 S. Ct. 1455 (2024); *see also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139-40 (8th Cir. 2014). Without a federal question in the live complaint, there is nothing to attach the amended state law claims to, and "the possibility of supplemental jurisdiction vanishe[s.]" *Wullschleger*, 75 F.4th at 924. This unintended result is at odds with the parties' preference to move forward here on the whole case.

Second, the Court's mind has not yet come to rest on whether, in the circumstances presented by this case, the proposed amendments about the delayed discovery statute are needed. The Court will rule on that issue when it decides the ripe motions for summary judgment. The Court will make its decision on those motions after the Arkansas Court of Appeals issues its opinion in *H.C. v. Nesmith*, CV-23-328.

That case has been set for oral argument in January 2025. And that decision will be an important data point about the Justice for Vulnerable Victims of Sexual Abuse Act. (This Court, though, does not intend to wait for any petitions for rehearing or review to be sorted. All that could take another year.)

*

Last, should there be some discovery now? Plaintiffs make a solid showing based on the age and health of some defendants. But, the defendants are correct that depositions before at least some written discovery about the particulars of plaintiffs' claims would be unfair. The issue is close, but the balance tilts against the immediate depositions. Instead, the Court will propose a plan for expedited discovery (including quick depositions of the older defendants) if the case proceeds after the current motion for summary judgment.

*

The federal claims are dismissed without prejudice. The Court will exercise supplemental jurisdiction over the three non-diverse member cases. The plaintiffs' embedded motion to amend their complaint is denied without prejudice. Their motion for expedited discovery, *Doc. 87*, is also denied without prejudice as stated.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

*16 December 2024*